J-S85027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH DURKIN | : | |
| | : | |
| Appellant | : | No. 2017 EDA 2016 |

Appeal from the PCRA Order April 25, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007257-2007

BEFORE: PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                **FILED JANUARY 09, 2017**

Appellant, Joseph Durkin, appeals *pro se* from the order entered April 25, 2016, denying as untimely his third petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In March 2008, following a bench trial, Appellant was sentenced to an aggregate term of fifteen to forty years' incarceration for one count of Corrupt Organizations, three counts of Possession of a Controlled Substance, two counts of Dealing with Proceeds of Unlawful Activities, two counts of Criminal Attempt to Possess a Controlled Substance with Intent to Manufacture or Deliver, and one count of criminal conspiracy.[1]  Appellant was further ordered to pay mandatory fines of $150,000.  In March 2009,

---

[1] Respectively, 18 Pa.C.S.A. § 911(b)(3); 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 5111(a)(1); 18 Pa.C.S.A. § 901; 18 Pa.C.S.A. § 903.

this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Durkin*, 974 A.2d 1180 (Pa. Super. 2009) (unpublished memorandum). In February 2010, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Durkin*, 989 A.2d 7 (Pa. 2010).

In July 2010, Appellant filed his first petition for collateral relief, which was denied, and this Court affirmed. *Commonwealth v. Durkin*, 100 A.3d 302 (Pa. Super. 2014) (unpublished memorandum). Appellant filed a second PCRA petition in June 2014, which was dismissed as untimely. This Court affirmed, and appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Durkin*, 125 A.3d 440 (Pa. Super. 2015) (unpublished memorandum).

In February 2016, Appellant *pro se* filed a Petition for Writ of Habeas Corpus petition, essentially his third PCRA petition. In March 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement but issued a memorandum opinion explaining its decision.

Appellant raises the following issue:

(1) Does the creation or manifest result of four (4) separate classes of offenders under the Commonwealth's mandatory minimum sentencing statutes for identically situated defendants violate the Equal Protection clause of Article 1 section 26 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution?

Appellant's Brief at 3.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of the record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Although Appellant filed a petition seeking habeas corpus relief, it is proper to review under the PCRA. The PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose…, including habeas corpus." 42 Pa.C.S. § 9542. Both the PCRA and the state habeas corpus statute contemplate that the PCRA subsumes the writ of habeas corpus in circumstances where the PCRA provides a remedy for the claim. ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998).

Here, Appellant challenges the legality of his sentence. Because the PCRA provides a remedy for Appellant's claims, the lower court was correct in treating the petition as a request for relief under the PCRA.

Therefore, we must next address the PCRA timeliness requirements. The timeliness of Appellant's petition implicates jurisdiction and may not be altered or disregarded in order to address the merits of his claim. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the

PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. **Id.**

Here, Appellant's judgement of sentence became final on May 6, 2010, when the 90 day period for filing for writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S. §9545(b)(3). The instant PCRA was filed on February 11, 2016, more than six years after the judgment of sentence became final. The Appellant's petition is patently untimely, and for this court to have jurisdiction to review the merits of Appellant's claims, he must prove the applicability of one of the exceptions to the timeliness requirement.

There are three statutory exceptions:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Appellant has the burden of proving an exception to the time bar. **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2008). In addition, a petition seeking relief pursuant to a statutory exception must adhere to the additional requirement of filing the claim

within 60 days of the date the claim could have been first presented.  42 Pa.C.S. § 9545(b)(2).

Appellant asserts that he is entitled to relief because **Alleyne** creates new classes of offenders who are identically situated but treated differently, thus violating the Equal Protection Clause of the United States Constitution and illegally sentencing Appellant.  This claim is waived, as Appellant failed to raise it in his PCRA petition.  **See Commonwealth v. Wallace**, 724 A.2d 916, 921 n.5 (1999) (issues not raised in PCRA petition cannot be considered on appeal).

Essentially, Appellant challenges the legality of his sentence, claiming that the mandatory sentences and fines are unlawful.  **See** Petition for Writ of Habeas Corpus, 2/11/16, at 1-2 (citing in support **Alleyne v. United States**, 135 S. Ct. 1251 (2013).  Appellant asserts, that **Alleyne** should be applied retroactively thus entitling him to collateral relief. **Id.** at 5.

The United States Supreme Court was clear in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), holding that state collateral review courts must give retroactive effect to a new, *substantive* rule of constitutional law. **Id.** at 729.  The Pennsylvania Supreme Court has determined that the rule announced in **Alleyne** was neither a substantive nor a "watershed" procedural rule and, therefore, did not apply retroactively to cases pending on collateral review.  **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), **see also Commonwealth v. Riggle**, 119 A.3d 1058, 1064-67 (Pa. Super. 2015).

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. ***See Ragan***, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2017